RONALD J. VANDERSTAPPEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vanderstappen v. Commissioner
Docket No. 16060-92
United States Tax Court
T.C. Memo 1993-109; 1993 Tax Ct. Memo LEXIS 127; 65 T.C.M. (CCH) 2155; March 25, 1993, Filed *127 An appropriate order of dismissal for lack of jurisdiction will be entered. Ronald J. Vanderstappen, pro se. For respondent: Jordan S. Musen. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] After a review of the record, we agree with and adopt her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction. A petition was filed in this Court on July 13, 1992. A hearing was held on the motion at which petitioner appeared. Respondent mailed petitioner statutory notices of deficiency on April 6, 1992, in which the following income tax determinations were made: Additions to tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)(1) [1]
6653(a)(2)
6654
1985
$ 10,956
$ 2,739
$ 634.10
[2]
$ 603
1986
5,896
1,474
380.75
[2]
264
*128 The deficiency notices were received by petitioner shortly after mailing. Petitioner mailed his petition for redetermination, which bears a private meter postmark of July 6, 1992, and it was received on July 13, 1992, by this Court. Petitioner resided at Layton, Utah, when the petition was filed. This Court has jurisdiction over a matter only where there has been a validly issued notice of deficiency and a timely filed petition. ; ; . The only issue here is whether petitioner's petition was timely filed. If it was not, we must grant respondent's motion to dismiss for lack of jurisdiction. Section 6213(a) provides the time specifications *129 for filing a petition with the Tax Court. It provides in relevant part: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *
The petition in this case was received and filed by the Court on July 13, 1992, 98 days beyond the mailing of the April 6, 1992, statutory notice. Petitioner argues, however, that he did file timely. He maintains that he presented the envelope containing the petition to his employer's mail room clerk on July 3, 1992, and directed the clerk to deliver the petition by hand that same day to the Northwest Station of U.S. Postal Service in Salt Lake City, Utah. Petitioner assumes that the discrepancy concerning the postmark date was due to a special holiday schedule at the post office. The Northwest Station was open with limited service on July 3, 1992, a Friday. The station was no open on July 4, 1992. According to U.S. Postal Service standards, an envelope mailed from the Northwest Station on July 3, 1992, would not *130 receive a post office postmark or a postmeter date of July 6, 1992. It would receive a postmark of July 3, 1992, or whatever date is the correct acceptance date of the envelope. Furthermore, the ordinary delivery time for a piece of postmetered first class mail, mailed from Northwest Station to Washington, D.C., should be 3 days. Nevertheless, the Tax Court did not receive the petition until July 13, 1992. Petitioner candidly stated that his company's mail clerk would not remember the day petitioner presented him with the envelope or, by inference, what day the envelope was delivered to the U.S. Postal Service. Section 7502(a)(1) provides that where a petition is delivered to the Tax Court after the filing period has expired, it will be deemed filed on the date of the U.S. Postal Service postmark stamp on the envelope containing it if the date is within the statutory period. Petitioner's envelope, however, did not contain a U.S. Postal Service postmark, but rather had a private meter stamp on it. The rules are different where private meter postmarks are involved. Thus, if the postmark is not that of the U.S. Postal Service, the timely mailing rule shall apply "only if and *131 to the extent provided by regulations prescribed by the Secretary." Sec. 7502(b). Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., covers the situation of privately metered mail. It provides that if privately metered mail is received within the normal delivery period, it shall be considered timely; but if the petition was received after the normal mail delivery period, the taxpayer must establish, inter alia, that the delay was attributable to delay in the transmission of the mail and the cause for such delay. This burden rests squarely on the taxpayer. Rule 142(a); . Petitioner was unable to establish when the U.S. Postal Service received the petition and certainly unable to establish that the delay was attributable to delay in the transmission of the mail. Thus, petitioner has not established that the petition was timely mailed under sections 6213(a) and 7502, and the case will be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. We point out that petitioner is not left without a legal forum in which to try his controversy with the Internal Revenue *132 Service. Thus, after a full payment of the amount due, he may timely file a claim for refund with the Internal Revenue Service. If the claim is denied or the IRS fails to take action within 6 months, petitioner may timely file an action for refund with the United States District Court or the United States Court of Federal Claims. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rules references are to the Tax Court Rules of Practice and Procedure.↩
1. For 1986, the additions to tax for negligence are codified under sec. 6653(a)(1)(A) and (B).↩
2. 50 percent of the interest due on the deficiency.↩